JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06394-RGK-PLA | Date | July 31, 2020 |
|---|---|---|---|
| Title | *Sayra Rodela v. Subaru of America, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On March 3, 2020, Plaintiff Sayra Rodela ("Plaintiff") filed a Complaint against Defendant Subaru of America, Inc. ("Defendant") alleging violations of California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*). On July 17, 2020, Defendant removed the action to this Court on diversity jurisdiction grounds. Upon review of the Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Under 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In the Notice of Removal, Defendant states that Plaintiff seeks compensatory damages of $40,000 (the value of the vehicle that she leased), in addition to civil penalties of $80,000 (two times the value of the vehicle). However, this conclusory assessment of the amount in controversy is insufficient. First, the value of the vehicle is not necessarily a correct estimate of the value of Plaintiff's compensatory damages. Under the Song-Beverly Act, a plaintiff's recovery is limited to the *actual* payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) ("Limiting . . . recovery to payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole.") Here, Plaintiff leased the vehicle on March 24, 2018, for a $5,931 down payment and 35 monthly payments of $435.44. (Lease Agreement, Ex. E, ECF No. 1-6.) Defendant presents no facts regarding how many payments have been made, but assuming that Plaintiff continued to make payments until the date she filed her Complaint, the amount recoverable after approximately 28 months would be only $18,123.32 ($5,931 + ($435.44 x 28) = $18,123.32)—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06394-RGK-PLA | Date | July 31, 2020 |
|---|---|---|---|
| Title | *Sayra Rodela v. Subaru of America, Inc. et al* | | |

significantly less than the stated full value of the vehicle. Thus, Defendant fails to account for the fact that Plaintiff's actual damages include only what she paid under the lease.

Similarly, Defendant also fails to reduce actual damages to account for Plaintiff's use of the vehicle before she took it in for repair. *See* Cal. Civ. Code § 1793.2(d)(2)(C) ("[T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity.") Defendant's failure to account for this "use offset" is "especially significant here, where Plaintiff has driven the car for [more than two] years, because it is possible that Plaintiff drove the car for many miles before she took it in for repair." *D'Amico v. Ford Motor Comp.*, No. CV 20-2985-CJC (JCX), 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020).

Finally, Defendant also fails to show that a civil penalty would be awarded. "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Id.* (quoting *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)). Civil penalties are available for *willful* failure to comply with the Song-Beverly Act, Cal. Civ. Code § 1794, but Defendant has not offered any evidence of willfulness which might support such an award. *See D'Amico*, 2020 WL 2614610, at *3 (collecting cases).

Accordingly, based on the allegations in the Notice of Removal—or lack thereof—the Court concludes that it lacks subject matter jurisdiction over this case. This case is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____